## THIRD DEPARTMENT, JULY, 1983

## (July 21, 1983)*

■ In the Matter of DAVID R. SINGISER, as Assigned Counsel for EDWARD TURNER, JR., Petitioner, v M. ANDREW DWYER, JR., as County Judge of Rensselaer County, et al., Respondents. — Application, pursuant to CPLR article 78, for judgment in the nature of mandamus, denied, and petition dated June 20, 1983, dismissed on the ground that this proceeding does not lie (CPLR 7801). Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

## FIRST DEPARTMENT, NOVEMBER, 1983

## (November 1, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD BROWN, Respondent. — Order, Supreme Court, New York County (Dickens, J.), entered on May 26, 1982, granting defendant's motion to dismiss under CPL 30.30 and 210.20, reversed, on the law and the facts, motion denied, and the indictment reinstated. The hearing court, finding that 185 days were chargeable to the prosecution, granted defendant's motion to dismiss under CPL 30.30 (subd 1, par [a]). Upon appeal, the prosecution challenges the hearing court's inclusion of the 22-day period from May 13, 1980 to June 4, 1980. The record clearly indicates that, on May 13, 1980, an associate of the defense attorney requested an adjournment because the defense attorney was on trial. The court granted the defense request for an adjournment and the trial date was set for June 4, 1980. The minutes of May 13, 1980 thus corroborate the prosecutor's testimony that the defense attorney had previously asked him for an adjournment because she was on trial. Upon this conclusive proof, the 22-day period under discussion should have been excluded under CPL 30.30 (subd 4, par [b]). The motion should have been denied since only 163 days were chargeable to the prosecution. Concur — Murphy, P. J., Ross, Carro, Silverman and Fein, JJ.

■ VITO BOTTALICO, Respondent, v TODD SHIPYARDS CORPORATION, Appellant-Respondent, and SOUTH AFRICAN MARINE CORPORATION, Respondent-Appellant. — Judgment, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on October 27, 1982, unanimously modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff and a new trial ordered on the issue of damages only, and said judgment is otherwise affirmed, without costs and without disbursements, unless plaintiff, within 20 days after service upon his attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $400,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Murphy, P. J., Ross, Carro, Silverman and Fein, JJ.